STATE of Wisconsin, Plaintiff-Respondent,

v.

Tommie L. COLE, Defendant-Appellant.

Supreme Court

*No. 02–0681–CR. Oral argument April 30, 2003.—Decided June 19, 2003.*

2003 WI 59

(Also reported in 663 N.W.2d 700.)

168

For the defendant-appellant there were briefs and oral argument by *Suzanne L. Hagopian,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *James M. Freimuth,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is an appeal from an order of the circuit court for Milwaukee County, Richard J. Sankovitz, Judge, denying Tommie L. Cole's postconviction motion for resentencing or sentence modification. The case comes before this court on certification from the court of appeals pursuant to Wis. Stat. § 809.61 (1999–2000).[1]

¶ 2. On May 2, 2001, Cole, the defendant, pled guilty to being a party to the crime of delivering more than 15 grams but not more than 40 grams of cocaine.[2] The offense occurred on January 5, 2001.

¶ 3. Delivering more than 15 grams but not more than 40 grams of cocaine was an unclassified felony at the time the defendant committed the crime, and Wis. Stat. § 961.41(1)(cm)3. provided that a person convicted "shall be fined not more than $500,000 and *shall be imprisoned for not less than 3 years* nor more than 30

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] *See* Wis. Stat. §§ 961.16(2)(b)(1), 961.41(1)(cm)3., 939.05.

years."[3] Furthermore, when the defendant committed the crime his sentence was subject to the provisions in the first phase of Wisconsin's Truth in Sentencing legislation (TIS-I). Specifically, the defendant's sentence was subject to Wis. Stat. § 973.01, a statute enacted through TIS-I, requiring that the sentence be bifurcated such that a portion of the sentence include a term of confinement and a portion of the sentence include a term of extended supervision.[4]

¶ 4.   Wisconsin adopted Truth-in-Sentencing legislation in two phases. The first phase, TIS-I, was enacted in June 1998.[5] The second phase, TIS-II, was enacted in July 2002.[6] TIS-I applied to offenses committed on or after December 31, 1999. TIS-II became effective February 1, 2003. TIS-I thus lasted for just over three years and has now been modified by TIS-II.[7]

¶ 5.   Both parties agree, and so do we, that the circuit court intended to sentence the defendant in the present case to the presumptive minimum sentence under Wis. Stat. § 961.41(1)(cm)3., expressed in the statutory language "shall be imprisoned for not less than 3 years." At sentencing, the circuit court stated:

> I do believe that it's appropriate to follow the presumptive minimum the Legislature has told us, and that is the law that the community has adopted that for somebody who is a drug dealer in this weight range, three years in prison is appropriate unless we believe

---

[3] Wis. Stat. § 961.41(1)(cm)3. (emphasis added).

[4] *See* 1997 Wis. Act 283, § 419.

[5] *See* 1997 Wis. Act 283.

[6] *See* 2001 Wis. Act 109.

[7] *See* 2001 Wis. Act 109 (effective February 1, 2003).

that the public would be served or at least not harmed by departing from that minimum.[8]

¶ 6. The circuit court concluded that under Wis. Stat. §§ 961.41(1)(cm)3. and 973.01, the confinement portion of the three-year presumptive minimum sentence must be "no less than the presumptive minimum for the offense, which in [this case] is three (3) years."[9] The circuit court thus sentenced the defendant to a bifurcated sentence including a term of confinement of three years followed by a three-year period of extended supervision, and fined him $1,000.

¶ 7. The defendant concedes that the sentence imposed by the circuit court is valid under Wis. Stat. §§ 961.41(1)(cm)3. and 973.01 (TIS-I). The dispute in this case arises only because the circuit court announced its intention to sentence the defendant to the presumptive minimum sentence prescribed by the statute. The defendant rejects the circuit court's conclusion that the six-year bifurcated sentence is the presumptive minimum sentence.

¶ 8. The defendant asserts that the presumptive minimum sentence of three years in Wis. Stat. § 961.41(1)(cm)3. means, under § 973.01, that confinement in prison plus extended supervision cannot total more than three years. Thus the defendant seeks resentencing on the ground that the circuit court erroneously believed that the presumptive minimum term of confinement for the crime was three years.

¶ 9. The court of appeals asks that we determine what combination of confinement in prison and extended supervision constitutes the presumptive mini-

---

[8] Transcript of Sentencing Proceedings at 27, lines 12–18.

[9] Post-Conviction Order (dated Feb. 18, 2002) (Sankovitz, Judge).

mum sentence when a statute provides that an offender "shall be imprisoned for not less than 3 years."[10] In other words, the sole issue presented to this court is whether the presumptive minimum sentence under Wis. Stat. §§ 961.41(1)(cm)3. and 973.01 is a term of three years of confinement plus an additional term of extended supervision or a term of confinement plus extended supervision totaling three years.

¶ 10.   We hold that the circuit court erred when it construed the presumptive minimum sentence under Wis. Stat. §§ 961.41(1)(cm)3. and 973.01 (TIS-I) to be three years of confinement in prison.[11] We conclude

---

[10] The court of appeals, in *State v. Cole,* No. 02–0681–CR, unpublished slip op. at 1 (Wis. Ct. App. November 5, 2002), certified the issue to this court as follows:

> Whether a presumptive minimum sentence for a felony conviction that is subject to bifurcated sentencing, under the Truth in Sentencing revisions to the criminal code, defines the minimum amount of time an individual must spend in prison or whether the presumptive minimum applies to both time spent in prison and on extended supervision.

[11] Our holding in this case has limited application and is of limited precedential value. As best we can tell, the resolution of the Truth in Sentencing issue posed by the present case will affect only those sentencing decisions having all three of the following characteristics: (1) the crime for which an accused is being sentenced was committed on or after December 31, 1999, but before February 1, 2003; (2) the crime for which the accused is being sentenced is an unclassified felony for which a minimum sentence was specified in the statute, namely that the offender "shall be imprisoned for not less than [x] years" where x is one or more years; and (3) the sentencing court expressly states its intent to impose the minimum sentence specified in the statute.

The State's brief notes that the issue presented in the instant case may arise collaterally in cases in which the sen-

that the three-year presumptive minimum sentence under §§ 961.41(1)(cm)3. and 973.01 is a total sentence of three years, consisting of a term of 27 months of confinement and nine months of extended supervision. We therefore reverse the order of the circuit court denying the defendant's postconviction motion and remand the case for resentencing consistent with this opinion.

I

¶ 11.   In order to determine the presumptive minimum sentence in the present case we must interpret two statutes:

(1) Wis. Stat. § 961.41(1)(cm)3.: prescribing a sentence of "imprisoned for not less than 3 years," the presumptive minimum sentence for the crime in issue; and

(2) Wis. Stat. § 973.01 (TIS-I): establishing bifurcated felony sentences of imprisonment.

---

tencing court departs from the prescribed minimum sentence and therefore must state its reasons for such departure on the record. *See* Wis. Stat. § 961.438.

Both the State and the defendant comment that, although not at issue in the present case, whether "imprisoned" in Wis. Stat. § 961.41(1)(cm)3. means "confinement" or "confinement and extended supervision" may bear on the validity of an accused's guilty plea or no-contest plea because the answer might affect the accused's understanding of the meaning of the presumptive minimum sentence that the accused faces. *See State v. Mohr,* 201 Wis. 2d 693, 700, 549 N.W.2d 497 (Ct. App. 1996) (a defendant pleading guilty is entitled to know that the law presumes he or she will be sentenced to "at least two years in prison" under a penalty provision with a two-year presumptive minimum sentence).

¶ 12.  The interpretation of a statute is a question of law that this court determines independently, but benefiting from the analysis of the circuit court.

¶ 13.  The principle objective of statutory interpretation is to ascertain and give effect to the intent of the legislature.[12] The court must ascertain the legislature's intent from the language of the statute in relation to its context, scope, history, and the objective intended to be accomplished.[13] Statutes relating to the same subject matter should be read together and harmonized when possible.[14] Furthermore, when there is doubt as to the meaning of a criminal statute, a court should apply the rule of lenity and interpret the statute in favor of the accused.[15]

¶ 14.  When the defendant committed the crime, Wis. Stat. § 961.41(1)(cm)3. provided that a person who manufactures, distributes, or delivers more than 15 grams but not more than 40 grams of cocaine or cocaine base "shall be imprisoned for not less than 3 years nor more than 30 years."[16] Section 961.41 read in relevant part:

---

[12] *State v. Szulczewski,* 216 Wis. 2d 495, 504, 574 N.W.2d 660 (1998).

[13] *State v. Davis,* 2001 WI 136, ¶ 13, 248 Wis. 2d 986, 637 N.W.2d 62.

[14] *State v. Leitner,* 2002 WI 77, ¶ 30, 253 Wis. 2d 449, 646 N.W.2d 341.

[15] *State v. Morris,* 108 Wis. 2d 282, 289, 322 N.W.2d 264 (1982); *State v. Wilson,* 77 Wis. 2d 15, 28, 252 N.W.2d 64 (1977).

[16] Wis. Stat. § 961.41(1)(cm)3. Again, all statutory references in our discussion are to the statutes as they read after TIS-I went into effect and before TIS-II went into effect, unless otherwise indicated.

961.41. Prohibited acts A—penalties. (1) Manufacture, distribution or delivery. Except as authorized by this chapter, it is unlawful for any person to manufacture, distribute or deliver a controlled substance or controlled substance analog. Any person who violates this subsection with respect to:

. . . .

(cm) Cocaine or cocaine base, or a controlled substance analog of cocaine or cocaine base, is subject to the following penalties if the amount manufactured, distributed, or delivered is:

. . . .

3. More than 15 grams but not more than 40 grams, the person shall be fined not more than $500,000 and *shall be imprisoned for not less than 3 years nor more than 30 years.*[17]

¶ 15.   The phrase "imprisoned for not less than 3 years" established a three-year minimum sentence known as a "presumptive minimum" sentence. A sentencing court could impose a sentence of less than three years only if it found that the best interests of the community would be served and that the public would not be harmed by a lesser sentence and if the sentencing court placed its reasons on the record.[18] Furthermore,    the    sentence    provision    in    Wis.    Stat.

---

[17] Wis. Stat. § 961.41 (emphasis added). Section 961.41 was later amended to provide that a person convicted of delivering more than 5 grams but not more than 15 grams of cocaine is guilty of a Class F felony. *See* Wis. Stat. § 961.41(1)(cm)3. (2001–02).

[18] Wisconsin Stat. § 961.438 provided as follows:

961.438. Minimum sentence. Any minimum sentence under this chapter is a presumptive minimum sentence. . . . [T]he court may impose a sentence that is less than the presumptive minimum

§ 961.41(1)(cm)3. made the offense of manufacturing, delivering, or distributing this amount of cocaine an "unclassified felony." Unlike other felony offenses, which were classified as Class A, B, BC, D, or E felonies, with the maximum penalty for each class set forth in Wis. Stat. §§ 973.01[19] and 961.41(1)(cm)3. established its own sentencing range independent of the felony classification system.

¶ 16. Wisconsin Stat. § 973.01(1), TIS-I, adopted in 1998 and in effect when the defendant committed the crime, created and established a unique definition of the word "imprisonment" in Wisconsin's sentencing statutes.[20] Section 973.01 used the word "imprisonment" to refer to a "bifurcated sentence" consisting of "a term of confinement in prison followed by a term of extended supervision."[21] Under § 973.01(1) a circuit court was required to impose a bifurcated sentence consisting of a term of confinement in prison followed

---

sentence or may place the person on probation only if it finds that the best interests of the community will be served and the public will not be harmed and if it places its reasons on the record.

[19] For example, the penalty for a Class A felony was life imprisonment; for a Class B felony, imprisonment not to exceed 60 years; for a Class E felony, a fine not to exceed $10,000 or imprisonment not to exceed five years, or both. *See* Wis. Stat. § 939.50.

Most felony penalties that provided for presumptive minimum sentences were repealed effective February 1, 2003. The unclassified felonies, including the offense in the present case, were made classified felonies. *See* Wis. Stat. § 961.41(1)(cm)3. (2001–2002).

[20] *See* 1997 Wis. Act 283.

[21] Wis. Stat. § 973.01(1).

by a term of extended supervision whenever it sentences a person to "imprisonment in the Wisconsin state prisons."[22]

¶ 17.   Section 973.01(1) read as follows:

(1) Bifurcated sentence required. Except as provided in sub. (3), whenever a court sentences a person to imprisonment in the Wisconsin state prisons for a felony committed on or after December 31, 1999, the court *shall impose a bifurcated sentence* that consists of *a term of confinement in prison followed by a term of extended supervision* under s. 302.113.[23]

¶ 18.   Subsection (2) of Wis. Stat. § 973.01 established the term of confinement and period of extended supervision for each bifurcated sentence. Paragraph (2)(a) of Wis. Stat. § 973.01 provided that "the total length of the bifurcated sentence may not exceed the maximum period of imprisonment for the felony."[24] Paragraph (2)(b) established that the term of confinement in prison in a bifurcated sentence could "not be less than one year, subject to any minimum sentence prescribed for the felony."[25] Moreover, for an unclassified felony such as the one at issue in this case, the term of confinement may not exceed "75% of the total length of the bifurcated sentence."[26] Paragraph (2)(d) then established that the term of extended supervision fol-

---

[22] Wis. Stat. § 973.01(1).

[23] Wis. Stat. § 973.01(1) (emphasis added). Subsection (1) of § 973.01 was amended by TIS-II. *See* Wis. Stat. § 973.01(1) (2001–02).

[24] Wis. Stat. § 973.01(2)(a).

[25] Wis. Stat. § 973.01(2)(b).

[26] Wis. Stat. § 973.01(2)(b)6.

lowing a term of confinement in a bifurcated sentence "may not be less than 25% of the length of the term of confinement in prison."[27]

¶ 19. The relevant parts of Wis. Stat. § 973.01(2) provided:

> (2) Structure of Bifurcated Sentences. The court shall ensure that a bifurcated sentence imposed under sub. (1) complies with all of the following:
>
> (a) Total length of bifurcated sentence. Except as provided in par. (c), *the total length of the bifurcated sentence may not exceed the maximum period of imprisonment for the felony.*
>
> (b) Confinement portion of bifurcated sentence. The portion of the bifurcated sentence that imposes a term of *confinement in prison may not be less than one year, subject to any minimum sentence prescribed for the felony, and,* except as provided in par. (c), may not exceed whichever of the following is applicable:
>
> 1. For a Class B felony, the term of confinement may not exceed 40 years.
>
> 2. For a Class BC felony, the term of confinement may not exceed 20 years.
>
> 3. For a Class C felony, the term of confinement may not exceed 10 years.
>
> 4. For a Class D felony, the term of confinement may not exceed 5 years.
>
> 5. For a Class E felony, the term of confinement may not exceed 2 years.
>
> 6. For any felony other than a felony specified in subds. 1. to 5., *the term of confinement in prison may not exceed 75 % of the total length of the bifurcated sentence.*

[27] Wis. Stat. § 973.01(2)(d).

. . . .

(d) Minimum term of extended supervision. The term of *extended supervision* that follows the term of confinement in prison *may not be less than 25% of the length of the term of confinement in prison* imposed under par. (b).[28]

¶ 20.   Our task in the present case involves as much algebra as it does statutory interpretation. All parties agree that the defendant's sentence had to be bifurcated. Therefore, the following equation governs our discussion:

$$\text{Sentence (S)} = \text{Confinement (C)} + \text{Extended Supervision (ES)}$$

¶ 21.   The defendant argues that the three-year presumptive minimum sentence should be interpreted so that (S), the sentence, equals three years, composed of confinement (C) plus extended supervision (ES). Moreover, says the defendant, because the term of confinement for an unclassified felony may not exceed 75% of the total length of the sentence (S), confinement (C) in this case is 27 months (75% of three years). Therefore, under the defendant's calculation, extended supervision (ES) must be nine months.

¶ 22.   The State, on the other hand, argues that the three-year presumptive minimum sentence must be read so that (C), confinement, equals three years. Moreover, asserts the State, the extended supervision (ES) for the three-year presumptive minimum sentence in this case may be any term the circuit court imposes

[28] Wis. Stat. § 973.01(2) (emphasis added). Subsection (2) of § 973.01 was amended by TIS-II. *See* Wis. Stat. § 973.01(2) (2001–02).

up to 27 years. The State apparently reasons that the circuit court may impose any term of extended supervision not less than 25% of the term of confinement (nine months), as long as the term of confinement (C) plus the term of extended supervision (ES) does not exceed the maximum statutory sentence of 30 years. The State also concedes that it is arguable that the presumptive minimum sentence calls for a term of extended supervision of exactly nine months (25% of three years), the minimum allowable period of extended supervision for a three-year term of confinement

¶ 23. As the court of appeals noted in its certification, both sides present reasonable arguments in support of their respective interpretations. On the other hand, however, neither party's interpretations and arguments are without flaws. Each party's position is vulnerable to criticism and might create unwelcome anomalies. The truth of the matter is that TIS-I applies awkwardly to presumptive minimum sentences in unclassified felony statutes and it is impossible to cleanly and neatly reconcile the two statutes at issue in this case.

II

¶ 24. We first explore how to calculate the term of confinement under the statutes.

¶ 25. Both parties rely on the language of Wis. Stat. § 961.41(1)(cm)3., setting forth the presumptive minimum sentence, and Wis. Stat. § 973.01 (TIS-I), creating bifurcated sentences, to support their respective calculations of the term of confinement. Both parties also rely on legislative history and legislative purpose. We shall examine each in turn.

¶ 26. The phrase "shall be imprisoned for not less than 3 years nor more than 30 years" appearing in Wis. Stat. § 961.41(1)(cm)3. predates TIS-I.[29] Prior to TIS-I, the legislature did not define the word "imprisoned," and Wisconsin courts interpreted the word in a common-sense fashion to mean incarcerated or confined in a jail or prison.[30]

¶ 27. As previously explained, however, when the legislature enacted TIS-I it gave a unique statutory explanation of the word "imprisonment." Specifically, Wis. Stat. § 973.01 defined sentences of "imprisonment" as bifurcated sentences including a term of confinement and a term of extended supervision.[31]

¶ 28. The State argues that while TIS-I creates a new statutory definition for sentences of imprisonment, it is not clear that every reference in the statutes to "imprisonment" or "imprisoned" is consequently a reference to a bifurcated sentence as opposed to confinement alone.

¶ 29. Indeed, the legislature has not been consistent in its use of the word "imprisonment" in TIS-I to mean a total of the term of confinement and the term of

---

[29] *See* Wis. Stat. § 161.41(1)(cm)3. (1989–90) (a defendant convicted of delivering more than 10 grams but not more than 40 grams of cocaine "shall be imprisoned for not less than 5 years nor more than 30 years."). Wisconsin Stat. ch. 161 was renumbered ch. 961 in the 1995–96 Wisconsin Statutes.

[30] *See State v. Meddaugh,* 148 Wis. 2d 204, 210, 435 N.W.2d 269 (Ct. App. 1998) (citing to dictionary definition of "imprison" as "to put in prison: confine in a jail" for guidance when interpreting the word "imprisoned" within drunk driving statute).

[31] Wis. Stat. § 973.01(1).

extended supervision as defined in Wis. Stat. § 973.01. Section 973.01 is titled "bifurcated sentence of imprisonment and extended supervision," implying that "imprisonment" means the term of confinement within a bifurcated sentence. Subsection (2)(a), however, then explains that the total length of a bifurcated sentence of confinement and extended supervision may not exceed "the maximum period of imprisonment for the felony," implying that "imprisonment" means the total sentence, including both a term of confinement and a term of extended supervision.[32]

¶ 30.   The State acknowledges that the word "imprisoned" in Wis. Stat. § 961.41(1)(cm)3. means a bifurcated sentence totaling 30 years of confinement plus extended supervision when referring to the 30–year maximum sentence. However, the State argues that the legislature intended the word "imprisoned" in § 961.41(1)(cm)3. to mean only a term of confinement for purposes of the three-year presumptive minimum sentence.

¶ 31.   The State points out that the only express discussion of presumptive minimum sentences in Wis. Stat. § 973.01 is in reference to terms of confinement in a bifurcated sentence. Section 973.01(2)(b), titled "Confinement portion of bifurcated sentence," provides that the "portion of the bifurcated sentence that imposes a term of confinement in prison may not be less than one year, subject to any minimum sentence prescribed for the felony." The State argues that the phrase "subject to any minimum sentence" modifies "term of confinement," not the total bifurcated sentence, and thus TIS-I

---

[32] *See* Wis. Stat. §§ 973.01 ("Bifurcated sentence of imprisonment and extended supervision"); 973.01(2)(b) ("Imprisonment portion of bifurcated sentence").

must be construed as equating the presumptive minimum sentence with a "term of confinement."

¶ 32.   The State acknowledges that its interpretation of the statutes would require substantial judicial modification of the statutory language in Wis. Stat. § 961.41(1)(cm)3. to reconcile its proposed outcome. Specifically, the State argues that the penalty provision at issue is properly read as "shall be ~~imprisoned~~ [confined in prison] for not less than 3 years [on a bifurcated sentence of not] ~~nor~~ more than 30 years." The State suggests that such modification is permissible when the legislative intent is clear.[33]

¶ 33.   The defendant responds, however, that even if it is true that the word "imprisoned" can mean either a term of confinement or a term of confinement plus a term of extended supervision, as the State argues, Wis. Stat. § 961.41(1)(cm)3. uses the word "imprisoned" only once to refer to both the minimum sentence and the maximum sentence and therefore the word must have the same meaning for both kinds of sentences.

¶ 34.   The defendant reasons that because Wis. Stat. § 973.01(2)(a) expressly provides that the maximum sentence for the crime, "imprisoned . . . [not] more than 30 years," must be calculated by the term of confinement plus the term of extended supervision,[34] "imprisoned for not less than 3 years" must similarly mean that the presumptive minimum sentence of three

[33] The State cites to 2A A. Sutherland, *Statutory Construction* § 47:36, at 379–80 (6th ed. 2000) and *State v. Williams,* 198 Wis. 2d 516, 534, 544 N.W.2d 406 (1996) (a reviewing court "may insert words into a statute that are necessary or reasonably inferable" to avoid an unintended result).

[34] Wis. Stat. § 973.01(2)(a) ("[T]he total length of the bifurcated sentence may not exceed the maximum period of imprisonment for the felony.").

years is calculated by totaling the term of confinement plus the term of extended supervision. The defendant concludes that the term of confinement must therefore be less than three years.

¶ 35. The State's interpretation, argues the defendant, reading the word "imprisoned" for purposes of the three-year presumptive minimum sentence as three years in confinement, but reading the word "imprisoned" for purposes of the 30–year statutory maximum sentence as the expression of a bifurcated sentence in which the total term of confinement and term of extended service cannot exceed 30 years, is contrary to both common sense and general rules of statutory interpretation.[35]

¶ 36. The defendant further asserts that under his interpretation, because the term of confinement calculated under a TIS-I bifurcated sentence may not exceed 75% of the total length of the bifurcated sentence, the term of confinement to be imposed in this case in calculating the presumptive three-year minimum sentence should be 27 months—75% of three years.[36]

¶ 37. We conclude that the language of both statutes, standing alone, creates more confusion than clarity; neither the State's position nor the defendant's position on the statutory language is sufficient. The

---

[35] *See, e.g., Gen. Castings Corp. v. Winstead,* 156 Wis. 2d 752, 759, 457 N.W.2d 557 (Ct. App. 1990) ("We reject an interpretation which ascribes different meanings to the same word as it variously appears in a statute unless the context clearly requires such an approach. This is all the more true where, as here, the word reappears *in the same sentence* of the statute at issue. Such an interpretation borders on the unreasonable. We must avoid such interpretations.").

[36] *See* Wis. Stat. § 973.01(2)(b)6.

State demands that the language be substantially re-written. Yet even assuming arguendo that substantial revisions to the language of a statute can be justified when the intent of the legislature clearly requires those revisions, as will be discussed below, the intent of the legislature is not clear in the present case. The defendant, on the other hand, looks too simply at the statutory language and asserts that consistency alone dictates his construction. Yet his construction conflicts with the common-sense reading of the word "imprisoned" as confinement in prison and the working definition of "imprisonment" in Wisconsin case law prior to TIS-I. Moreover, as was made clear above, even under TIS-I the legislature sometimes used "imprisonment" to mean confinement alone.[37] Thus, we turn our attention to legislative history and legislative purpose.

---

[37] Further proof of the statute's lack of clarity can be found in the parties' dispute over how a one-year prison sentence is to be interpreted. The statutory phrase in issue is a "term of confinement in prison may not be less than one year, subject to any minimum sentence prescribed for the felony" in Wis. Stat. § 973.01(2)(b). The State argues that this phrase sets an absolute floor of one year for a term of confinement in a bifurcated sentence and that the floor must be raised where (i.e., subject to) the minimum sentence for a given felony is greater than one year. The defendant, on the other hand, argues that this phrase sets a one-year floor for a term of confinement where a minimum sentence is greater than one year but that the one-year floor can be lowered where (i.e., subject to) the minimum sentence allows. The parties then dispute whether a one-year minimum sentence can be bifurcated to include a nine-month term of confinement and remain a sentence to a "state prison" under Wis. Stat. § 973.02 (a sentence of less than one year cannot be to a state prison).

¶ 38.   The legislative history of TIS-I is equally wooly in providing insight into the appropriate calculation of the term of confinement for the presumptive minimum sentence of "imprisoned for not less than 3 years." The legislative history of TIS-I is noticeably silent about the impact of TIS-I on presumptive minimum sentences.

¶ 39.   The State argues that the legislative drafting history supports its calculation. The State explains that amendments were made to Wis. Stat. § 973.01(2)(b) (addressing statutory minimum sentences) and § 973.01(2)(c) (addressing the calculation of penalty enhancers in a bifurcated sentence)[38] by the Legislative Reference Bureau in response to a request from the Governor's legal counsel. The Governor's legal counsel wanted the legislation clarified to reflect that penalty enhancers apply to the confinement portion of a bifurcated sentence, not the total sentence,[39] and the Drafter's Note indicates that in response to legal counsel's request, the TIS-I bill was modified to include both the penalty enhancers *and* statutory minimum sentences within subsection (2)(b) establishing the confinement portion of the bifurcated sentence. The Drafter's Note reads:

---

[38] Wisconsin Stat. § 973.01(2)(c) provided as follows:

Penalty enhancement. The maximum term of confinement in prison specified in par. (b) may be increased by any applicable penalty enhancement. If the maximum term of confinement in prison specified in par. (b) is increased under this paragraph, the total length of the bifurcated sentence that may be imposed is increased by the same amount.

[39] Memorandum from Stewart Simonson, Legal Counsel to the Governor, to Jefren Olsen, Legislative Reference Bureau, and accompanying Drafter's Note (January 22, 1997).

6. This draft modifies proposed s. 973.01(2)(b) (intro.) to make the general statement of the term of imprisonment [later changed to "confinement in prison"] subject both to minimums for specific crimes and to extension with applicable penalty enhancers.[40]

The State concludes that the most reasonable inference from this drafting history is that presumptive minimum sentences, like penalty enhancers, dictate the confinement portion of the bifurcated sentence, not the total sentence.

¶ 40. The defendant, for his part, makes an equally compelling argument that the complete history of truth-in-sentencing legislation in Wisconsin, which also includes 2001 Wis. Act 109 (TIS-II), demonstrates the legislature's intent to eliminate most minimum sentences and treat those that remain as establishing the total length of a bifurcated sentence, not the term of confinement. Although TIS-II does not govern the present case, the history and provisions of TIS-II may be accorded weight to aid us in determining what the legislature intended in TIS-I inasmuch as TIS-II was viewed as supplemental legislation necessary to implement the infrastructure created by TIS-I.[41]

¶ 41. The Wisconsin legislature enacted TIS-I in June 1998, abandoning the state's indeterminate sentencing system and adopting a truth-in-sentencing re-

---

[40] Jefren E. Olsen, Drafter's Note from the LRB, LRB-1128/1dn, LRB drafting file to 1997 Wis. Act 27. The draft bill used the word "imprisonment" at the time the modification was made. It was later changed to "confinement in prison."

[41] *See McGarrity v. Welch Plumbing Co.,* 104 Wis. 2d 414, 427, 312 N.W.2d 37 (1981).

gime in its stead.[42] The law enacted in 1998 was just the first piece of the new regime. The legislature established an 18–month window between the date TIS-I was passed and the date it was to go into effect in order to give the newly established Criminal Penalties Study Committee (CPSC) time to supplement and complete the existing legislation.[43] While the CPSC timely completed its task, producing a lengthy report and statutory proposals for full implementation of truth-in-sentencing, the legislature failed to enact the proposals before TIS-I went into effect.[44]

¶ 42. The legislature finally enacted a second truth-in-sentencing law in July 2002. TIS-II adopted many of the recommendations made in the CPSC report, including the recommendation that "provisions in criminal statutes establishing minimum sentences (presumptive or otherwise) . . . be repealed."[45] Indeed, after TIS-II, all but two minimum sentences were repealed. The crime for which the defendant was convicted in the present case, for example, is now a Class D felony subject to a "fine not to exceed $100,000 or imprisonment not to exceed 25 years, or both."[46] The reason for the change, according to the CPSC, is to

[42] Michael B. Brennan et al., *Fully Implementing Truth-in-Sentencing,* Wisconsin Lawyer, Nov. 2002, at 11.

[43] *Id.; see also* Wisconsin Legislative Council Information Memorandum 98–11, LRB-3154/1 (June 24, 1998).

[44] Brennan, *supra* note 42, at 12.

[45] State of Wisconsin Criminal Penalties Study Committee, Final Report, August 31, 1999, at http://www.doa.state.wi.us /secy/index.asp.

[46] *See* Wis. Stat. § 961.41(1)(cm)3. (2001–02).

Minimum sentences for all drug crimes were eliminated by repeal of Wis. Stat. § 961.432. *See* 2001 Wis. Act 109, § 1077.

allow courts "maximum sentencing discretion to deal with the multitude of offenders who commit crimes and the multitude of ways in which they do so."[47]

¶ 43. In addition to eliminating almost all presumptive minimum sentences, TIS-II expressly established the confinement portion of the remaining two presumptive minimum sentences at roughly 75% of the length of the TIS-I presumptive minimum sentence. Repeat serious sex offenders and repeat serious violent offenders remain subject to presumptive minimum sentences under TIS-II.[48] Under TIS-I, both types of repeat offenders were subject to sentences of "not less than 5 years' imprisonment," but under TIS-II they are now subject to a bifurcated minimum sentence with a term of confinement of not less than three years and six months.[49] That is, the TIS-I (and pre-TIS-I) five-year presumptive minimum prison sentence was converted under TIS-II to a term of confinement of not less than three years and six months.

¶ 44. According to the defendant, consideration of this entire history of TIS legislation makes clear that the legislature intended to increase sentencing discretion at the lower end of the sentencing range, not rigidly set minimum terms of confinement, and also intended that the remaining presumptive minimum sentences be interpreted as bifurcated sentences with the term of confinement at 75% of the minimum number of years set forth in the statute. The TIS-I (and

---

[47] State of Wisconsin Criminal Penalties Study Committee, Final Report, August 31, 1999, at http://www.doa.state.wi.us /secy/index.asp.

[48] *See* Wis. Stat. §§ 939.623–24 (2001–02).

[49] *Id.*

pre-TIS-I) three-year presumptive minimum sentence, argues the defendant, should similarly be converted under TIS-I to 27 months.

¶ 45. In short, as was true of the statutory language, the legislative history is inconclusive in determining the correctness of the State's or defendant's calculations. The drafting history of Wis. Stat. § 973.01(2)(b)6. properly supports the State's interpretation. On the other hand, consideration of the entire history of Truth-in-Sentencing legislation in Wisconsin, including both TIS-I and TIS-II, suggests the defendant's position was what the legislature envisioned.

## C

¶ 46. Meanwhile, both parties argue that the legislature's purpose of linking the TIS-I "term of confinement" with indeterminate sentencing lengths supports their respective positions.

¶ 47. TIS-I expressly increased the maximum period of imprisonment for felony offenses. With regard to unclassified felonies, maximum penalties were increased by 50% or one year, whichever was greater.[50] The drafting history for TIS-I suggests that the reason for the increase in the maximum penalties for unclassified felonies was to keep the maximum term of confinement roughly equal to the maximum *sentence* under the now-abrogated indeterminate sentencing scheme.[51]

¶ 48. For example, the maximum penalty for the defendant's crime in this case was 20 years under

---

[50] Memorandum from Stewart Simonson, Legal Counsel to the Governor, to Jefren Olsen, Legislative Reference Bureau, at 2 (January 22, 1997).

[51] *Id.* ("The maximum term of imprisonment would equal the pre-increase maximum sentence.").

indeterminate sentencing and was raised by 50% to 30 years under TIS-I. The maximum term of confinement under TIS-I on a 30–year maximum sentence for an unclassified felony would then have been 22.5 years (75% of the maximum penalty), which represents a slight increase though roughly the same length as the 20–year maximum indeterminate sentence.

¶ 49. The State argues that the defendant's position that a 27–month term of confinement be imposed is unreasonable in light of the legislature's goal of increasing TIS-I maximum sentences so that the maximum term of confinement is equal to or greater than the total indeterminate maximum penalty. The State reasons that if the correct term of confinement here is 27 months, the TIS-I term of confinement would be less than the three-year presumptive minimum indeterminate sentence for the same crime. The State contends that the legislature would not have increased the maximum sentence under TIS-I while simultaneously decreasing the presumptive minimum sentence without clearly expressing these inconsistent goals.

¶ 50. A difficulty with the State's position, however, is that it ignores the realities of indeterminate sentencing. Under indeterminate sentencing, offenders rarely served their entire prison sentence confined in prison; offenders were required to be released after serving 2/3 of their sentences (barring any additional time imposed for misconduct) and offenders were eligible for even earlier release through parole (which generally became available after an offender served the greater of 25% of a court-imposed sentence or six months.)[52] In the present case, for example, a three-

---

[52] *See* Wisconsin Legislative Council Information Memorandum 98–11, LRB-3154/1, at 5 (June 24, 1998).

year sentence under indeterminate sentencing would have meant that the offender could be released from prison after two years.

¶ 51. Interpreting a three-year presumptive minimum to require only 27 months of confinement, as the defendant asserts, better fits the legislative goal of rough equality with the "term of confinement" served under an indeterminate sentence.

¶ 52. Moreover, the defendant's calculation of a 27-month term of confinement is supported by TIS-II. At the recommendation of the CPSC, the legislature accounted for the impact of mandatory release on indeterminate sentencing in TIS-II by making the maximum initial term of confinement for each crime under TIS-II roughly parallel to the maximum the offender would have served *in prison* before reaching his mandatory release date under the indeterminate sentencing system.[53] Furthermore, the legislature's amendment of the remaining two presumptive minimum sentences in TIS-II, from "not less than 5 years' imprisonment" to a term of confinement of not less than three years and six months, parallels the defendant's calculation of 27 months for the presumptive minimum sentence of not less than three years.

¶ 53. Even accounting for mandatory release, the State contends that its position is correct. According to the State, by leaving presumptive minimum sentences alone under TIS-I, confinement time for presumptive minimums increased in the same proportion that confinement time for maximum sentences increased. That is, accounting for mandatory release dates, a three-year presumptive minimum sentence increased from two years in prison to three years in prison, an increase

---

[53] Brennan, *supra* note 42, at 12.

roughly parallel to the jump from a 20–year indeterminate maximum sentence for the present offense to a 22.5–year maximum term of confinement for the present offense under TIS-I.

¶ 54.  According to the State, the legislature apparently intended to increase the confinement time for both presumptive minimum sentences and maximum sentences under TIS-I. Yet the legislature increased the maximum sentence at issue here and at the same time left the minimum sentence untouched. It simply does not make sense that the legislature would intend to increase both maximum and minimum sentences by changing the former and not the latter. If the legislature's goal was to increase confinement time at both ends of the sentencing range, it would have increased the presumptive minimum penalty by the same proportion it increased the maximum penalty.

¶ 55.  Although both parties assert that their respective positions support the legislature's purpose in linking TIS-I term of confinement with indeterminate sentencing lengths, the defendant seems to have the stronger argument.

III

¶ 56.  We next explore how to compute the term of extended supervision. Section 973.01(2)(d) provides that for all felonies, "the term of extended supervision that follows a term of confinement *may not be less than 25% of the length of the term of confinement.*" When calculating a presumptive minimum sentence, one would presume that the shortest term of extended supervision—25% of the length of the term of confinement—would be adopted. Importantly, however, it is mathematically impossible to minimize the term of

193

extended supervision for an unclassified felony. As will become clear below, a bifurcated sentence for an unclassified felony cannot include a term of confinement that does not exceed 75% of the total sentence and also include a period of extended supervision that is only 25% of the term of confinement.

¶ 57. The importance of this statutory mathematical formula is that it further complicates the coherence of both the State's and the defendant's calculations of the three-year presumptive minimum sentence in the present case. In their briefs and at oral argument, both parties presented positions on the actual breakdown of confinement time and extended supervision in a presumptive minimum sentence, should their interpretation of the phrase "imprisoned for not less than 3 years" prevail.

¶ 58. The defendant argues that the term of confinement for a three-year presumptive minimum sentence is 27 months, or 75% of the total length of incarceration. Therefore, extended supervision would have to be nine months in order for the bifurcated sentence to total three years. This calculation is odd, however, because the minimum term of extended supervision for a 27–month term of confinement under Wis. Stat. § 973.01(2)(d) would be 6.75 months, or 25% of the term of confinement. Yet a term of extended supervision of 6.75 months would lead to a sentence of less than three years.

¶ 59. The State, on the other hand, argues that the presumptive minimum sentence in the present case is 36 months (three years) of confinement and nine months of extended supervision, since nine months is exactly 25% of the length of the term of confinement, the lowest possible term of extended supervision allowed under Wis. Stat. § 973.01(2)(d). Again, however,

as mentioned above, the State's favored sentence is contrary to the requirement in § 973.01(2)(b)6. that the term of confinement not exceed 75% of the total length of the bifurcated sentence. Thirty-six months is 80% of the total 45–month sentence suggested by the State. In order to comply with the maximum term of confinement and still minimize the term of extended supervision allowed under § 973.01 (TIS-I), the presumptive minimum sentence according to the State's interpretation of Wis. Stat. § 961.41(1)(cm)3. is a term of confinement for three years and a term of extended supervision of one year—33% of the length of the term of confinement.

¶ 60. Once on this path of expanding the term of extended supervision beyond the statutory minimum, however, it is hard to determine the proper ending point for the State's argument. The State's argument merely establishes a cap on the term of confinement for a presumptive minimum sentence, leaving wide open the length of extended supervision a circuit court may impose. The only limit on total sentence length would be the maximum period of imprisonment for the felony, which, in this case, is 30 years. Thus, under the State's view, sentences of three years of confinement plus nine months of extended supervision, three years of confinement plus three years of extended supervision, and three years of confinement plus 27 years of extended supervision are all presumptive minimum sentences. It is difficult to imagine that the legislature intended the only difference between the presumptive minimum sentence and the statutory maximum sentence to be the number of years of confinement imposed, not the total length of the bifurcated sentence.

## IV

¶ 61. Wisconsin's Truth-in-Sentencing legislation was enacted in response to calls for greater certainty and uniformity regarding periods of incarceration for offenders.[54] It was designed to create a more determinate sentencing structure for all felons.[55] Yet as the instant case makes clear, the truth of the sentence is hard to discern, and the term of confinement and term of extended supervision for a presumptive minimum sentence under Wis. Stat. § 973.01 (TIS-I) are uncertain. The language of Wis. Stat. §§ 961.41(1)(cm)3. and 973.01 (TIS-I) can be read to support multiple calculations of a presumptive minimum sentence, and the legislative history and purpose point in several directions.

¶ 62. Still, come to a conclusion we must, and when we consider all the arguments set forth above by both parties, we conclude that more factors point to the conclusion that the legislature intended for a three-year presumptive minimum sentence for an unclassified felony to be a bifurcated sentence totaling three years and including a term of confinement of 27 months and a period of extended supervision of nine months.

¶ 63. We reach this conclusion for five different reasons. First, it is difficult to conclude that the single word "imprisoned," used once in Wis. Stat. § 961.41(1)(cm)3., has two different meanings, one for a presumptive minimum sentence and another for the maximum penalty.

[54] Legislative Reference Bureau Brief 02–7, *Truth-in-Sentencing and Criminal Code Revision,* at 1 (August 2002).
[55] *Id.*

¶ 64. Second, it is unreasonable to assume that the legislature intended to increase the presumptive minimum sentence in the present case to a term of confinement for three years in the face of its decision in TIS-II to repeal all but two presumptive minimum sentences and to reduce the term of confinement of those two offenses to less than the prior presumptive minimum sentence. The unreasonableness of this interpretation in the face of the full history of TIS legislation outweighs the fact that the only mention of minimum sentences under Wis. Stat. § 973.01 is in subsection (2)(b) establishing the term of confinement and the drafting record indicating that this language was placed there intentionally.

¶ 65. Third, it is unreasonable to assume that the legislature intended to increase the presumptive minimum sentence in the present case to a full three-year term of confinement by leaving the minimum sentence the same as it was pre-TIS-I in the face of its decision to increase the maximum period of confinement under TIS-I by clearly and expressly increasing maximum sentences from their pre-TIS-I levels.

¶ 66. Finally, it is unreasonable to construe a bifurcated presumptive minimum sentence of "not less than 3 years nor more than 30 years" to be capable of lasting a total of 30 years. Even though the defendant's calculation of nine months of extended supervision for a 27–month term of confinement fails to minimize the period of extended supervision, the alternative interpretation offered by the State suggests no reasonable stopping point for extended supervision short of the 30–year maximum sentence set forth in Wis. Stat. § 961.41(1)(cm)3. While TIS-I clearly permits sentences with as much range as the State suggests, a bifurcated

197

presumptive minimum sentence must somehow minimize both the term of confinement and period of extended supervision.

¶ 67.   In addition, even if one believes that the arguments on both sides are equally weighted, Wisconsin law provides that a court must favor a milder penalty over a harsher penalty when there is doubt concerning the severity of the penalty prescribed by statute.[56] This rule of lenity provides generally that ambiguous penal statutes should be interpreted in favor of the defendant.[57] More specifically, the rule of lenity comes into play after two conditions are met: (1) the penal statute is ambiguous; and (2) we are unable to clarify the intent of the legislature by resort to legislative history.[58]

¶ 68.   In the present case, if the conclusion is that the statutes are indeed confusing, and the true intent of the legislature cannot be discerned from the legislative history and the legislative purpose, we must adopt the construction that results in imposition of the less severe sentence. Here, that is the construction offered by the defendant.

---

[56] *Morris,* 108 Wis. 2d at 289.

[57] *See State v. Kittilstad,* 231 Wis. 2d 245, 267, 603 N.W.2d 732 (1999) ("The rule of lenity was developed in the federal courts and holds that where a criminal statute is ambiguous, it should be interpreted in a defendant's favor. The rule of lenity is 'echoed in the familiar Wisconsin rule that 'penal statutes are generally construed strictly to safeguard a defendant's rights.' ") (internal citations omitted).

[58] *State v. Setagord,* 211 Wis. 2d 397, 415, 565 N.W.2d 506 (1997) (citing *Morris,* 108 Wis. 2d at 289; *Wilson,* 77 Wis. 2d at 28).

¶ 69.  For the reasons set forth, we conclude that a term of confinement of 27 months and a term of extended supervision of nine months is the presumptive minimum sentence for confinement under Wis. Stat. § 961.41(1)(cm)3. Accordingly, we reverse the order of the circuit court and remand the cause to the circuit court for resentencing consistent with this opinion.

*By the Court.*—The order of the circuit court is reversed and the cause is remanded.