State of Wisconsin, Plaintiff-Respondent,
v.
Alvernice O. Sellers, Defendant-Appellant.
No. 03-1951-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 3, 2005.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Alvernice Sellers appeals a judgment convicting him of possession of cocaine with intent to deliver, as a repeater, eluding a traffic officer, and soliciting a child to commit a felony. He also appeals the circuit court's order denying his motion for postconviction relief. Sellers challenges his convictions on a number of grounds. We affirm in all respects, but one. We vacate the sentence pursuant to State v. Cole, 2003 WI 59, 262 Wis. 2d 167, 663 N.W.2d 700, and remand for resentencing on all counts.
¶2 Sellers raises several issues on appeal that he did not raise in the circuit court. He contends that: (1) the State failed to disclose the criminal record of J.A., a State witness; (2) the State allowed J.A. to deceive the jury; (3) he received ineffective assistance of counsel because his attorney should have asked for a continuance or moved to dismiss based on the State's failure to disclose all of the information requested in the defense discovery demand; (4) he received ineffective assistance of counsel because his attorney did not subpoena two character witnesses to testify about J.A.'s reputation for untruthfulness and about her drug addiction; and (5) he received ineffective assistance of counsel during sentencing because his attorney requested that he be sent to a maximum security prison. Because Sellers did not raise these issues in the circuit court, we will not consider them on appeal. See State v. Caban, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) (issues not presented to the circuit court will not be considered for the first time on appeal).
¶3 Sellers contends that he is entitled to a new trial because the State failed to disclose that it had entered into a consent decree with J.A. regarding the charges against her arising out of the same circumstances that led to Sellers' arrest. He also contends that the State failed to disclose that J.A. was a confidential informant. To establish that he is entitled to relief, Sellers must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 682 (1985). Sellers cannot show that he was prejudiced by the State's failure to disclose the consent decree because he already had a copy of it before trial. See State v. Randall, 197 Wis. 2d 29, 39, 539 N.W.2d 708 (Ct. App. 1995) (harmless error analysis applies to claims that the prosecutor illegally withheld evidence). Sellers' claim that the State should have disclosed that J.A. was a confidential informant fails because she was not a confidential informant. She was a witness for the State, who testified at trial and was cross-examined extensively by the defense.
¶4 Sellers next argues that he received ineffective assistance of trial counsel. To substantiate a claim of ineffective assistance of trial counsel, a defendant must prove that counsel performed deficiently and that he or she was prejudiced by counsel's performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, a defendant must show specific acts or omissions of counsel that are "outside the wide range of professional competent assistance." Id. at 690. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. The defendant's burden is to show that counsel's errors "actually had an adverse effect on the defense." Id.
¶5 Sellers contends that his trial counsel ineffectively represented him because he failed to get the consent decree entered into evidence. Sellers contends that it would have shown that J.A. had an ulterior motive for testifying against him because prosecution against her was deferred for doing so. Sellers' attorney testified that he did not seek to introduce the consent decree into evidence because he felt it was a more powerful reminder to the jury that J.A. had received assistance from the State in exchange for her testimony if J.A. herself admitted it in front of the jury.[1] Attorney Medina's decision not to seek admission of the consent decree document was thus based on sound trial strategy, and did not constitute deficient performance. Id. at 689-90.
¶6 Sellers next argues that Attorney Medina provided ineffective assistance of counsel because he did not attempt to strike juror Mary Williams. Sellers contends that Williams should have been struck because she said she might have a problem judging the case fairly because Sellers is black. However, when the circuit court told Williams that she should not consider race as a factor in judging the case, and again asked her whether she could be fair and impartial despite Sellers' race, Williams said she could. Attorney Medina testified that he did not bring a challenge for cause against Williams because he felt she was honest when she said she could be impartial. Sellers' claim fails because there was no basis to strike Williams for cause and Medina had a strategic reason for not using a peremptory challenge.
¶7 Sellers next claims he received ineffective assistance of counsel because counsel should have impeached J.A. about how her testimony differed from the testimony of Officer Charles Weiss.[2] Attorney Medina testified that he did question J.A. on cross-examination about her version of events and crossexamined Officer Weiss about his version of events. Because Medina did exactly what Sellers claims he should have, we reject this argument.
¶8 Sellers next argues that he received ineffective assistance of counsel because his attorney did not object to jury instructions proposed by the prosecutor. Attorney Medina did object to the prosecutor's request for a party to the crime instruction, but the prosecutor ultimately withdrew the request. There is no basis for Sellers' claim as to this instruction. With respect to the possession instruction, the prosecutor asked the court to instruct the jury about both "constructive" and "shared" possession. Attorney Medina testified that he did not object to this instruction because it is the standard jury instruction and he felt the instruction was warranted by the evidence, which it was. We reject this claim.
¶9 Sellers next contends trial counsel was ineffective for stipulating that he had a prior conviction and for failing to object to use of both the drug repeater and school zone enhancer on count one. Counsel did not object when the State provided the court with a certified copy of a judgment of conviction from Illinois. Because Sellers did have a prior substantiated conviction, any objection by counsel would have been meritless. With regard to the use of both enhancers, we are aware of no legal authority for Sellers' claim that it was impermissible to use both. This claim is meritless.
¶10 Sellers next argues that trial counsel was ineffective for failing to object to the prosecutor's request at the preliminary hearing that the court find count one and count three transactionally related to count two. All of the crimes took place at the same time, on the same day, and with the same witnesses. Because there was no basis for counsel to object to the State's request that the counts be tried together, this claim also fails.
¶11 Sellers next argues that this case should be remanded to the circuit court for resentencing in light of the Wisconsin Supreme Court's decision in Cole, 262 Wis. 2d 167. The State concedes that this case is controlled by Cole, which was decided after the postconviction motion hearing in this case. In Cole, the supreme court held that the presumptive minimum term for unclassified felonies under the first phase of Wisconsin's truth-in-sentencing law includes both initial confinement and extended supervision. Because the circuit court's sentencing decision was based on an error of law, we remand for resentencing. Although only the sentence for drug possession is erroneous, we vacate all of the sentences because the erroneous sentence was "controlling," as the other sentences were imposed concurrently to the possession conviction.
By the Court.  Judgment and order affirmed in part; reversed in part and cause remanded.
NOTES
[1] Counsel initially sought to introduce the document, but withdrew the request.
[2] Sellers has expanded his argument on appeal to include more reasons that he believes J.A.'s testimony should have been impeached. As we previously explained, however, we will not consider these arguments because they were not raised in the circuit court.