IN RE the COMMITMENT OF Keith Alan VAN-
BRONKHORST:

STATE of Wisconsin, Petitioner-Respondent,

v.

Keith Alan VANBRONKHORST, Respondent-
Appellant.

Court of Appeals

*No. 00–3075. Submitted on briefs June 4, 2001.—Decided July
17, 2001.*

2001 WI App 190

(Also reported in 633 N.W.2d 236.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Keith Alan VanBronkhorst appeals an order revoking his supervised release as a sexually violent person under WIS. STAT. ch. 980.[1] Van-Bronkhorst argues that: (1) he was denied due process by having his supervised release revoked based upon a rule violation not charged by the Department of Health and Family Services; and (2) the circuit court did not determine whether a rule violation that was charged warranted revocation of his supervised release. We agree. Therefore, we reverse and remand to the circuit court.

## BACKGROUND

¶ 2. VanBronkhorst was adjudicated a sexually violent person on March 27, 1996, and was committed under WIS. STAT. ch. 980. He had been diagnosed as a pedophile who had a history of multiple sex offenses involving children as victims. In May 1998, Van Bronkhorst was placed on supervised release.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 3. On July 21, 2000, the department filed a petition to revoke the supervised release. The petition simply stated that "on or about 07/17/00, [Van Bronkhorst] did have verbal contact with P.B., a seven-year-old male child, while outside of [VanBronkhorst's] residence . . . . . This behavior is in violation of Supervised Release Rules #1, #17, #36, and #37."[2]

¶ 4. In addition, during VanBronkhorst's revocation hearing, evidence was presented that Van-Bronkhorst attempted to initiate a relationship with a neighbor who has a child. Rule 15(i) prohibits initiating or maintaining a relationship with an adult who has minor children. The circuit court asked VanBronkhorst if he knew that one of the rules of supervised release was that he not initiate or maintain any relationship with an adult who has minor children. VanBronkhorst admitted that he did.

¶ 5. At the conclusion of the hearing, the State requested that the circuit court find that Van-Bronkhorst had violated Rules 36, 37, and 15(i). The court determined that VanBronkhorst had not violated Rule 36, but that he had minimally violated Rule 37. Rule 37 requires VanBronkhorst to remain mute and leave any situation immediately when a juvenile initiates a conversation with him.

---

[2] The State also filed a violation investigation report on August 10, 2000. In addition to repeating the probable cause statement, the report also alleged that VanBronkhorst had verbal contact with a three-year-old child. The report alleged that VanBronkhorst violated Rules 1, 17, 36, and 37. The report also stated that VanBronkhorst asked his neighbor if she would like to come up for a cup of coffee. However, the report itself does not allege a Rule 15(i) violation, discussed below. The legal significance of this report is unclear. Neither party argues that it serves as a basis for notice.

¶ 6. The circuit court further determined that VanBronkhorst violated Rule 15(i). The court apparently revoked VanBronkhorst's supervised release based upon the rule violations and upon the grounds of public safety. *See* WIS. STAT. § 980.08(6m).[3] This appeal followed.

## DISCUSSION

### I. Due Process

¶ 7. As an initial matter, VanBronkhorst argues that he has the right to due process protections in a revocation proceeding under WIS. STAT. ch. 980. The State concedes that he is entitled to the same due process protections afforded persons in probation and parole revocation proceedings. We agree.

██

¶ 8. Once the State grants probation or parole, due process protections attach to any revocation. *Vitek v. Jones*, 445 U.S. 480, 488 (1980). These protections are necessary to ensure that the conditional liberty granted by probation or parole is not arbitrarily abrogated. *Id.* at 498.

██

¶ 9. We see no difference between the conditional liberty interest of a person on probation or parole and the interest of a person on supervised release under WIS. STAT. ch. 980. Therefore, we conclude that procedural due process protections afforded in probation or parole revocation proceedings apply to supervised release revocation proceedings under ch. 980.

---

[3] WISCONSIN STAT. § 980.08(6m) gives the State the burden of proving by "clear and convincing evidence that any rule or condition of release has been violated, or that *the safety of others* requires that supervised release be revoked." (Emphasis added.)

## A. Rule 15 Violation

¶ 10. VanBronkhorst argues that he was denied due process when his supervised release was revoked based on a rule violation not charged by the department. He contends that the circuit court erred by basing his revocation upon a Rule 15 violation because the violation was never alleged in the petition.[4]

¶ 11. As an initial matter, the State argues that VanBronkhorst waived his right to claim he was denied due process. The State contends that because trial counsel did not argue the due process violation at the revocation hearing, the argument is waived.

■

¶ 12. However, since a Rule 15 violation was not charged, trial counsel was not on notice to object or ask questions when information regarding the violation arose during the hearing. Thus, we conclude that Van Bronkhorst did not waive his right to argue that he was denied due process.

■

¶ 13. WISCONSIN STAT. § 980.08(6m) governs petitions for revocation of supervised release and reads in part:

> If the department alleges that a released person has violated any condition or rule, or that the safety of others requires that supervised release be revoked, he or she may be taken into custody under the rules of the department.

---

[4] VanBronkhorst additionally argues that the term "relationship" as used in Rule 15 is impermissibly vague. We do not address this argument because our resolution of VanBronkhorst's other arguments is dispositive of the appeal. *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

. . . .

The state has the burden of proving by clear and convincing evidence that any rule or condition of release has been violated, or that the safety of others requires that supervised release be revoked. If the court determines after hearing that any rule or condition of release has been violated, or that the safety of others requires that supervised release be revoked, it may revoke the order for supervised release and order that the released person be placed in an appropriate institution until the person is discharged from the commitment under s. 980.09 or until again placed on supervised release under this section.

¶ 14. In *State ex rel. Thompson v. Riveland*, 109 Wis. 2d 580, 584, 326 N.W.2d 768 (1982), our supreme court ruled that proper notice of probation violations is a minimal due process requirement for revocation. Therefore, the same applies to supervised release revocation proceedings under WIS. STAT. § 980.08(6m).

■

¶ 15. Notice to comply with due process requirements must be given sufficiently in advance of scheduled court proceedings so that a defendant will have a reasonable opportunity to prepare. *In re Gault*, 387 U.S. 1, 33–34 (1967). There is no principle of due process more important or firmly established than notice of the specific charge so that the accused can prepare a defense. *Cole v. Arkansas*, 333 U.S.196, 201 (1948). The purpose of the petition for revocation is to inform the person on supervised release of the alleged violations so he or she can prepare a defense.

¶ 16. Here, VanBronkhorst was charged with violating Rules 1, 17, 36, and 37. Further, the petition specified only one incident: contact with a seven-year-old. However, the circuit court based the revocation

upon a Rule 15(i) violation involving an adult and another child and upon the grounds of public safety. VanBronkhorst was not given notice of those specific charges or a factual basis. When the State asked the court to find a Rule 15(i) violation, the hearing had concluded. VanBronkhorst's chance to present, let alone prepare a defense, was lost.

¶ 17. The State contends that VanBronkhorst was given notice of the Rule 15 violation when the circuit court quoted the rule's language when questioning VanBronkhorst. While the court did in fact recite language from Rule 15, VanBronkhorst was not charged with a Rule 15 violation. He was not accused of having a relationship with an adult who has a minor child. VanBronkhorst was only charged with violating Rules 1, 17, 36, and 37. The petition was not amended before or during the hearing nor was VanBronkhorst in any other way notified that the court's questions could lead to a new basis for the revocation. Therefore, we conclude VanBronkhorst did not have notice.

B. Harmless Error

¶ 18. The State argues that if there was a due process violation, the violation was harmless because VanBronkhorst was not prejudiced. Only two people witnessed the conduct underlying the Rule 15 violation, VanBronkhorst and the person with whom he allegedly attempted to initiate or maintain a relationship. Both testified at the hearing. Thus, the State contends that no evidence exists that would change the result of the hearing.

¶ 19. Constitutional violations are generally subject to a harmless error analysis. *State v. Flynn*, 190 Wis. 2d 31, 54, 527 N.W.2d 343 (Ct. App. 1994). Before a constitutional error can be held harmless, a reviewing court must be able to declare a belief that it was harmless beyond a reasonable doubt. *State v. Boykins*, 119 Wis. 2d 272, 279, 350 N.W.2d 710 (Ct. App. 1984).

¶ 20. Had VanBronkhorst actually been charged with a Rule 15(i) violation, he would have had the opportunity to focus on that rule violation at the hearing. He would have known to fully present his side of the story and to fully question the other witness to the event.[5] VanBronkhorst was denied that opportunity because the Rule 15(i) violation was not alleged in the petition. We are not certain beyond a reasonable doubt that the error was harmless.

¶ 21. The State further argues that if there was a due process violation, the error was harmless because Wis. Stat. § 980.08(6m) authorizes the circuit court to revoke supervised release upon a finding that the public safety requires revocation regardless of whether a specific rule has been violated. The State contends that the court not only based the revocation on a violation of Rule 15(i), but also on the grounds of public safety. The State further contends that the court can always decide to revoke a person's supervised release if the public

---

[5] For example, he could have presented evidence and arguments to show that his contact with his adult neighbor did not constitute a "relationship."

safety requires revocation, regardless of whether this specific allegation was contained in the petition for revocation. We disagree.

¶ 22. If the State was correct, the circuit court could revoke a person's supervised release without providing notice of the violation or a factual basis for the violation. The petition for revocation never alleged public safety as grounds for the revocation, nor did it allege the facts upon which the public safety finding was based.

¶ 23. As we have concluded, a sexually violent person on supervised release is entitled to basic due process protections. A decision to revoke supervised release without giving proper notice is a violation of due process. Therefore, we conclude that the court can only base a revocation on the grounds of public safety when the defendant has been properly noticed.

II. Proper Finding

¶ 24. Finally, VanBronkhorst argues that the circuit court did not find that a minimal violation of Rule 37 warranted revocation of supervised release. We agree.

¶ 25. The only violation that was properly noticed and proved was a Rule 37 violation. Rule 37 required VanBronkhorst to remain mute and leave any situation immediately when a juvenile initiates a conversation with him. The circuit court found that there was a minimal violation of that rule. However, the court did not determine whether that violation alone merited revocation.

¶ 26. Because the circuit court did not rule whether the violation of Rule 37 warranted revocation of VanBronkhorst's supervised release, we remand with directions to determine whether VanBronkhorst's violation of Rule 37 was itself sufficient to revoke supervised release.

*By the Court.*—Order reversed and cause remanded with directions.