118 Wis.2d 803 (1984)
348 N.W.2d 181
IN the MATTER OF G.S., Jr.:
G.S., Jr., Appellant,
v.
STATE of Wisconsin, Respondent.
No. 83-627.
Supreme Court of Wisconsin.
Argued April 25, 1984.
Decided May 30, 1984.
*804 For the appellant there were briefs by John T. Manning, Wisconsin Rapids, and oral argument by Mr.Manning.
For the respondent there were briefs by Daniel M. Berkos, district attorney for Juneau county, and F. Thomas Creeron III, assistant attorney general, with whom on the briefs was Bronson C. La Follette, attorney general, and oral argument by Mr. Berkos and Mr. Creeron.
PER CURIAM.
This appeal was accepted on February 7, 1984, on certification from district IV of the court of appeals. It presented two basic, important issues. First, may an involuntary commitment to outpatient treatment be statutorily and constitutionally extended without a finding that there is a substantial probability of harm to the patient or others? Second, is there a statutory or constitutional prohibition against forcing an involuntarily committed mental patient to take psychotropic drugs? Because these issues are moot within the context of this case, the appeal is dismissed.
G.S. was under a ch. 51, Stats., involuntary mental commitment on an outpatient basis. An extension of that commitment for one year was sought under provisions of sec. 51.20 which allegedly require a showing of a substantial probability of harm to the patient or others if treatment is withdrawn, as evidenced by a recent overt act; or, in the case of an inpatient, a substantial likelihood that such harm would occur if treatment were withdrawn. However, no evidence of any recent overt act was presented at the extension hearing. The circuit court nonetheless found that a one-year extension was necessary because of an alleged propensity for exhibiting violent behavior. The court also stated that Navane, a powerful tranquilizer with possible adverse side effects that G.S. was receiving to control his *805 behavior, was a necessary element to his continued treatment. Sec. 51.61(1) (g), (h) & (k) gives a committed individual the right to be free from "unnecessary or excessive" medication and involuntary "drastic treatment." The extension order of February 17, 1983, specified that his medication ingestion continue to be monitored. G.S. appealed.
This court has consistently adhered to the rule that a case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy. Milwaukee Police Assn. v. City of Milwaukee, 92 Wis.2d 175, 183, 285 N.W.2d 133, 137 (1979). It is generally thought to be in the interest of judicial economy to avoid litigating issues that will not affect real parties to an existing controversy. State ex rel. La Crosse Tribune v. Circuit Court, 115 Wis.2d 220, 228, 340 N.W.2d 460, 464 (1983). However, this court has carved out certain exceptions to this general rule where: the issues are of great public importance; the constitutionality of a statute is involved; the precise situation under consideration arises so frequently that a definitive decision is essential to guide the trial courts; the issue is likely to arise again and should be resolved by the court to avoid uncertainty; or, a question is capable and likely of repetition and yet evades review because the appellate process usually cannot be completed and frequently cannot even be undertaken within a time that would result in a practical effect upon the parties. Id. at 229, 340 N.W.2d at 464.
Although both issues present important questions for Wisconsin mental commitment law, the parties conceded during oral argument that they are moot. The involuntary commitment of G.S. lapsed in February, 1984, and was not extended. Accordingly, he is no longer subject *806 to forced ingestion of the drug. None of the above exceptions are sufficiently present to warrant disregarding this mootness. The personal liberty issues raised by involuntary commitment and forced psychotropic drugging are of public importance and susceptible to recurrence, but the potentially significant ramifications of a supreme court opinion on these subjects cannot be adequately measured when rendered outside an existing dispute. We therefore decline to consider these issues within the confines of this particular matter.
The appeal from the order of the circuit court is dismissed.