In the MATTER of the MENTAL COMMITMENT OF
AARON J.J.:

SAUK COUNTY, Petitioner-Respondent,

v.

AARON J. J., Respondent-Appellant-Petitioner.

Supreme Court

*No. 2003AP3349. Oral argument September 27, 2005.
—Decided December 1, 2005.*

2005 WI 162

(Also reported in 706 N.W.2d 659.)

For the respondent-appellant-petitioner there were briefs by *Antonette H. Laitsch* and *Laitsch, Zion & Laitsch, S.C.*, Madison, and oral argument by *Antonette H. Laitsch.*

For the petitioner-respondent there was a brief and oral argument by *Chad A. Hendee*, corporation counsel.

An amicus curiae brief was filed by *Mary Dianne Greenley*, Madison, on behalf of the Wisconsin Coalition for Advocacy, Inc.

¶ 1. PER CURIAM. Aaron J. J. petitioned this court for review of an unpublished court of appeals decision affirming a circuit court order that denied his motion to vacate an order committing him for treatment under Wis. Stat. ch. 51. Aaron presented one issue in his petition: Was his constitutional right to due process violated when the circuit court accepted a stipulation that grounds existed for an involuntary mental commitment under ch. 51 without conducting a colloquy to ensure a knowing, intelligent, and voluntary agreement to the commitment?

¶ 2. After examining the record, along with the briefs of the parties and of amicus Wisconsin Coalition for Advocacy, Inc., and after hearing oral argument, we have determined that some questions which may be essential to the proper resolution of this case were either not addressed or not sufficiently presented by the briefing and argument. These questions include: What statutory provision or other law is the source of the

stipulated procedure that the parties followed in the circuit court? If the subject of an involuntary ch. 51 commitment proceeding must knowingly, intelligently, and voluntarily waive the right to a final hearing, and if the circuit court record does not demonstrate such waiver, what is the proper procedure to be followed by circuit and appellate courts to determine whether the waiver was knowing, intelligent, and voluntary? If it is determined that the waiver was not knowing, intelligent, and voluntary, what are the consequences of such a determination?

¶ 3.   In addition, we note that this case implicates a potential issue of mootness. At oral argument, the parties made clear what the record did not:   Aaron is no longer subject to a commitment order. Although mootness is not necessarily a bar to a decision by this court in light of the mootness exceptions,[1] the apparent lack of a live controversy adds to our concerns here.

¶ 4.   Accordingly, we determine that review in this case was improvidently granted, and we dismiss the petition for review.

---

[1] The mootness exceptions include that:

> the issues are of great public importance; the constitutionality of a statute is involved; the precise situation under consideration arises so frequently that a definitive decision is essential to guide the trial courts; the issue is likely to arise again and should be resolved by the court to avoid uncertainty; or, a question is capable and likely of repetition and yet evades review because the appellate process usually cannot be completed and frequently cannot even be undertaken within a time that would result in a practical effect upon the parties.

*G.S. v. State,* 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984)); *see also Shirley J. C. v. Walworth County,* 172 Wis. 2d 371, 375, 493 N.W.2d 382 (Ct. App. 1992).

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶ 5. LOUIS B. BUTLER, JR., J. (*dissenting*). I agree with the per curiam opinion that some of the questions which may be essential to the proper resolution of this case were either not addressed or not sufficiently presented by the parties' briefs and oral arguments. I also agree that this case implicates a potential issue of mootness. Nevertheless, because of the important liberty interests that are concerned here for people suffering from a mental illness, and because I am uncertain of the source of any statutory authority for a so-called "voluntary commitment" procedure,[2] I would order supplemental briefs in this matter. Accordingly, I respectfully dissent.

---

[2] *See* Wis. Stat. §§ 51.10 (voluntary admission of adults), 51.13 (admission of minors), 51.15 (emergency detention), and 51.20 (involuntary commitment for treatment). All references are to the 2003–04 Wisconsin Statutes.