PER CURIAM.
¶ 1. This is a review of an unpublished opinion of the court of appeals dismissing this appeal because the issues presented are moot.[1] The *676 petitioner, Sheila W, is a minor who was diagnosed with aplastic anemia. She opposed on religious grounds any life-saving blood transfusions and her parents supported her position.
¶ 2. The circuit court appointed a temporary guardian under Wis. Stat. § 54.50 for the purpose of deciding whether to consent to medical treatment. Sheila W. appealed, but the order appointing a temporary guardian expired while the case was pending before the court of appeals. The court of appeals then dismissed the appeal, concluding that the issues presented are moot and that the appeal does not sufficiently satisfy the criteria to address the merits regardless of mootness. Four issues are presented for our review:
¶ 3. First, notwithstanding mootness, should this court decide this case on the merits because it involves matters of statewide importance that are capable of repetition yet evade appellate review? Second, does Wisconsin recognize the mature minor doctrine, which may permit a minor to give or refuse consent to medical treatment after a finding that she is sufficiently mature and competent to make the treatment decision? Third, does a mature, competent minor have an enforceable due process right to refuse unwanted medical treatment? Fourth, did the circuit court violate Sheila W's common law and constitutional right to refuse unwanted medical treatment by appointing a temporary guardian to determine whether to give consent to medical treatment over her objections?
¶ 4. We address only the issue of mootness. This court has "consistently adhered to the rule that a case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal *677 effect upon a then existing controversy." G.S., Jr. v. State, 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984). In this case, no determination of this court will have any practical legal effect upon an existing controversy because the order being appealed has expired. There was no request to extend the order and there is no indication that Dane County has sought any additional order to which Sheila W objects.[2]
¶ 5. All parties agree with the conclusion of the court of appeals that the issues presented in this case are moot. Like the parties and the court of appeals, we also conclude that the issues presented are moot.
¶ 6. Sheila W. argues that this court should reach the merits of the issues presented despite the acknowledged mootness. In past cases, this court has addressed moot issues when the issues presented are of "great public importance," or when "the question is capable and likely of repetition and yet evades appellate review . . . ." State ex rel. Angela M.W. v. Kruzicki, 209 Wis. 2d 112, 120 n.6, 561 N.W.2d 729 (1997).[3]
*678 ¶ 7. This case undoubtedly presents issues of great public importance. Questions concerning when or if a minor may withdraw consent to life-saving medical treatment are inquiries "bristling with important social policy issues." Id. at 134. Furthermore, it appears that orders appointing temporary guardians for the purpose of determining whether to consent to life-saving medical care are capable and likely of repetition and yet will evade appellate review.
¶ 8. In this instance, we deem it unwise to decide such substantial social policy issues with far-ranging implications based on a singular fact situation in a case that is moot. In Eberhardy v. Circuit Court for Wood Cnty., 102 Wis. 2d 539, 307 N.W.2d 881 (1981), this court was faced with a similar dilemma of whether to yield initially to the legislature on a social policy issue. In that case the guardians of a mentally-impaired adult daughter sought court approval for her surgical sterilization. Id. at 541-42. The court concluded that because of the complexities of the public policy considerations involved, opportunity should be given to the legislature to conduct hearings and undertake the necessary fact-finding studies that would result in measured public policy along with statutory guidelines. Id. at 542. The court explained:
The legislature is far better able, by the hearing process, to consider a broad range of possible fact situations. It can marshal informed persons to give an in-depth study to the entire problem and can secure the advice of experts ... to explore the ramifications of the adoption of a general public policy ....
Id. at 570-71.
*679 ¶ 9. For the same reasons enunciated in Eberhardy, we decline at this time to exercise the court's discretion to address the moot issues presented in this case.[4] Accordingly, we affirm the court of appeals.
By the Court. — The decision of the court of appeals is affirmed.

 Dane Cnty. v. Sheila W., No. 2012AP500, unpublished slip op. (Ct. App. Oct. 31, 2012).

 Counsel for Dane County observed at oral argument that no "movement" has been made for any additional order:
But there is nothing in this record to suggest that this is an ongoing problem at this point. For the last year, there has not been, to the best of my knowledge, any movement to subject [Sheila W.] to additional transfusions to which she objects, and to the best of my knowledge she survives.

 For additional discussion of mootness and its exceptions, see, e.g., State v. Schulpius, 2006 WI 1, 287 Wis. 2d 44, 707 N.W.2d 495; Sauk Cnty. v. Aaron J.J., 2005 WI 162, 286 Wis. 2d 376, 706 N.W.2d 659; State ex rel. Riesch v. Schwarz, 2005 WI 11, 278 Wis. 2d 24, 692 N.W.2d 219; State v. Morford, 2004 WI 5, 268 Wis. 2d 300, 674 N.W.2d 349; City of Racine v. J-T Enter *678 prises of America, Inc., 64 Wis. 2d 691, 221 N.W.2d 869 (1974).

 As the court stated in Eberhardy in yielding to legislative action, it should not be construed that "this court abrogates its own authority and jurisdiction to act on this subject at a future time if it becomes apparent that the legislature is unable or unwilling to act." Eberhardy v. Circuit Court for Wood Cnty., 102 Wis. 2d 539, 578, 307 N.W.2d 881 (1981).