**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**December 23, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1717**

Cir. Ct. No. 2019JC133

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE FINDING OF CONTEMPT IN:

IN THE INTEREST OF J.C.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

V.

K.H.,

APPELLANT.

APPEAL from orders of the circuit court for Manitowoc County: ROBERT P. DEWANE, Judge. *Dismissed.*

¶1 NEUBAUER, P.J.[1] K.H., referred to herein by the pseudonym Kelly, appeals from an order of the circuit court denying her motion to vacate an order that partially lifted a stay of a 180-day jail sentence the circuit court imposed as a remedial sanction upon finding her in contempt of court. Kelly contends that the court erred in partially lifting the stay, which resulted in her serving 20 days of the 180-day sentence, and in refusing to vacate the order that partially lifted the stay. Because Kelly has already served the 20-day portion of the sanction, and has not shown that a decision in this appeal will have any practical effect in this case, this court dismisses her appeal as moot.

## BACKGROUND

¶2 In December 2023, the circuit court entered a written order requiring Kelly, a nonparty to multiple CHIPS cases before the court, to appear at a hearing "to show cause why [she] should not be found in contempt of court or forfeit an amount not to exceed $500 as a sanction, or both[,] for exposing confidential material regarding a minor in violation of WIS. STAT. § 48.981(7)." At the hearing on December 19, the court found Kelly in contempt for disseminating confidential information regarding the CHIPS cases and ordered, as a sanction, that she be confined for 180 days in the Manitowoc County jail. The court set forth this sanction in an order dated December 21 but stayed the sanction pending two purge conditions, namely that Kelly remove all confidential information that she posted online related to the cases and that she not disclose any additional information

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

about the cases by any other means. The court further ordered "that the finding of contempt shall remain in effect for a period of two years."

¶3 In January 2024, Manitowoc County filed a motion requesting an order for commitment against Kelly, asserting she had failed to comply with the circuit court's purge conditions. The court held a hearing on the motion on March 11, 2024, at which neither Kelly nor her counsel appeared. On March 12, 2024, the court entered a commitment order lifting the stay with respect to 20 days of the 180-day jail sanction and ordering Kelly to be detained.

¶4 In May 2024, a new attorney entered an appearance on Kelly's behalf. On June 25, 2024, Kelly filed a motion for relief from the March 12 order for commitment pursuant to WIS. STAT. § 806.07(1)(h). She argued that she and her prior counsel did not receive advance notice of the March 11 hearing at which the circuit court partially lifted the stay on the contempt sanction. The court held a hearing on Kelly's motion on August 21, 2024. In a letter filed that morning, Kelly's new counsel informed the court that the commitment order had been executed on her the previous day and that she was currently detained at the Manitowoc County jail. At the August 21 hearing, the court denied the motion for relief. The following day, August 22, the court entered an order denying the motion. Later that day, Kelly filed a motion to stay the 20-day sentence, which the court denied several days later.

¶5 On August 27, 2024, Kelly filed a notice of appeal that purported to appeal the March 12 order partially lifting the stay and the August 22 order denying her motion for relief from the March 12 order. On September 3, 2024, Kelly filed a motion in this court seeking a stay of the March 12 order. In an attachment to that motion, Kelly noted she had served a portion of the 20-day

3

sentence and that "[i]f no stay of execution of the balance of the commitment sentence is ordered, [her] appeal will become moot." This court denied the stay motion on September 4, 2024. The record does not indicate that Kelly sought any further relief from the March 12 order.

¶6 On November 18, 2024, this court issued an order regarding appellate jurisdiction in this case. In that order, this court concluded it had "jurisdiction over the August 26, 2024 order seeking relief from the March 12, 2024 commitment order."[2] However, this court questioned whether it had jurisdiction to review the December 21, 2023 contempt order or the March 12, 2024 commitment order and ordered briefing on this question, staying briefing on the merits in the meantime.

¶7 The parties submitted memoranda on the jurisdictional issue. On February 27, 2025, this court issued an order in which it concluded that it lacked jurisdiction to review both "the December 21, 2023 contempt order and the March 12, 2024 commitment order as part of this appeal because [Kelly] did not file timely notices of appeal from those orders." This court determined that "[t]he only order over which we have jurisdiction for this appeal is the August 22, 2024 order denying [Kelly's] motion for relief from the March 12, 2024 order." The parties then filed their briefs on the merits.

---

[2] The reference to an August 26, 2024 order appears to be a typographical error. The order denying Kelly's motion for relief from the March 12, 2024 commitment order was signed and entered by the circuit court on August 22, 2024, not August 26.

**DISCUSSION**

¶8 On appeal, Kelly argues the circuit court erred when it denied her August 22, 2024 motion for relief from the March 12, 2024 order partially lifting the stay on her contempt sanction. In response, the County contends that the court acted within its discretion in denying Kelly's motion. The County also argues that Kelly's appeal is moot for several reasons, including because she has served the 20-day period of incarceration ordered by the court. Kelly does not dispute that she has served the unstayed portion of the contempt sanction; instead, she contends that her appeal falls within recognized exceptions to the mootness doctrine. For the reasons that follow, this court concludes that Kelly's appeal is moot.

¶9 "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Portage County v. J.W.K.*, 2019 WI 54, ¶1, 386 Wis. 2d 672, 927 N.W.2d 509. "Appellate courts generally decline to reach moot issues, and if all issues on appeal are moot, the appeal should be dismissed." *Id.*, ¶12. However, "[t]here are several established exceptions under which this court may elect to address moot issues: (1) 'the issues are of great public importance;' (2) 'the constitutionality of a statute is involved;' (3) the situation arises so often 'a definitive decision is essential to guide the trial courts;' (4) 'the issue is likely to arise again and should be resolved by the court to avoid uncertainty;' or (5) the issue is 'capable and likely of repetition and yet evades review.'" *Id.* (quoting *G.S. v. State*, 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984)).

¶10 As noted above, this appeal is limited to the August 22, 2024 order denying Kelly's motion for relief from the circuit court's March 12, 2024 order partially lifting the stay on her commitment as to 20 days of the 180-day contempt

sanction. Kelly's attempts to avoid serving the unstayed portion of the sanction were not successful, and she does not argue that any portion of the 20-day portion of the sanction remains to be served. Thus, even if this court was to reverse the August 22, 2024 order, it would have no obvious practical effect because the portion of the sanction Kelly served as a result of that order has been satisfied, and the August 22 order does not impose any other continuing sanctions or adverse consequences.

¶11 Kelly's arguments regarding mootness are not persuasive. Initially, she argues that her appeal is not moot because a "decision would determine whether [she] had violated the contempt order." That is not accurate; a decision on the merits of this appeal would require this court only to determine whether the circuit court erroneously exercised its discretion in denying her motion for relief under WIS. STAT. § 806.07(1)(h). *See Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493 (decisions on motions filed under § 806.07(1)(h) are reviewed for erroneous exercise of discretion). In arguing that the court erred in denying her motion, Kelly does not argue that she did not violate the contempt order. Instead, she contends that neither she nor her counsel at the time received advance notice of the March 11, 2024 hearing at which the court partially lifted the 180-day contempt sanction. Even if this court agreed with her notice argument, that would not necessarily lead to the conclusion that she had not, in fact, violated the December 21, 2023 contempt order.

¶12 Next, Kelly invokes the fourth and fifth exceptions listed in Paragraph 9 above and contends that "if [she] is found in contempt again, the circuit court would obviously consider in deciding the amount of incarceration to impose whether this was [her] first or second violation of the contempt order." Thus, allowing the August 22, 2024 order to stand could lead to her being

incarcerated for a longer period of time if she is found to have violated the December 21, 2023 contempt order a second time than she might otherwise be ordered to serve if a second violation were to be treated as her first.

¶13 This court is not persuaded by Kelly's argument. The two exceptions she invokes apply to issues that are likely to occur again. No such showing has been made here. Kelly does not contend that she is likely to be found in contempt again following a hearing for which she does not receive advance notice, much less that the circuit court is likely to deny a future motion for relief from a commitment order that follows such a hearing. Instead, her arguments are framed in terms of future possibilities. Her argument regarding how the circuit court might exercise its discretion and consider prior violations in fashioning a sanction if she is determined to have violated the contempt order in the future is too speculative for this court to conclude that addressing the merits of her appeal will have a practical effect.

¶14 This court declines to address the other arguments Kelly presents regarding mootness because they are either unsupported by citation to legal authority or not sufficiently developed. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.